It is insisted by the plaintiff's counsel that our act intended to put bail upon the same footing here as in England by the rules of the common law, and there the condition of the recognizance was forfeited by a non estinventus returned to the capias ad satisfaciendum; for upon that return it appeared the defendant had neither paid the money nor surrendered himself to prison; but by the favor of the court the bail are dischargeable if they surrender before the return of the second sci. fa., but that surrender must be made to the court.
It is very evident that our Legislature intended to allow to bail greater privileges than were allowed by the common law in English practice. Our law allows a surrender to the sheriff, and a surrender at any time before final judgment against the bail shall discharge them. 1777, ch. 2, secs. 19, 20, 79.
As to the judgment of the county court which has been rendered, that was not a final judgment. It was suspended, or rather nullified, by the appeal — so much so that there can never afterwards be any (365) proceedings upon such judgment after it is appealed from.
Wherefore, as to the general question, whether bail may surrender under such circumstances, we are of opinion for the defendant. *Page 285 
It may, indeed, operate hardship in the case stated by the counsel, where a defendant comes in and is surrendered after the plaintiff has prosecuted the bail through the county court, at a great expense, into this Court; but then it is in the discretion of the Court whether they will receive a plea puis darrein continuance; and they may receive it upon the terms of the defendants paying all costs to that time, and the injustice spoken of by that means be avoided.
As to the form of the plea. Every plea should disclose all such circumstances as the law requires to make up a valid defense against the plaintiff's action, and the omission of any material circumstance, without which the matter pleaded would not be a good discharge in law, makes the plea invalid. Now the law requires the surrender to be made either in court or to the sheriff in the recess of the court; and this is material to be set forth, that the plaintiff may know how to reply, if false; for if it be alleged as a surrender in court, the replication is nul tiel record. If out of court, the fact is denied and referred to the decision of a jury. Unless it be set forth to whom the surrender was, it is impossible to know how to reply. Therefore, the plea is bad as to the form in which it is pleaded. The demurrer does not, as is contended, admit the fact of a surrender. A general demurrer admits the fact, and insists it is not sufficient in law for the purpose to which it is adduced; but where a fact if well pleaded might have been sufficient, but it is so pleaded that the other party cannot know how to controvert it, or, in other words, where the fact is improperly and informally pleaded, and the demurrer specially sets forth the cause thereof, it does not admit the fact, but refers the plea to the Court for illegality and informality. However, as the substance of this plea shows a good discharge, it is hard the party should be charged by mispleading. We will delay giving judgment for the present, and recommend to the parties an amendment of the pleadings, so that judgment may be given upon the merits. As to the two cases not yet pleaded to in this Court, the defendant may now plead, paying the costs up to this time.
Cited: Huggins v. Fonville, 14 N.C. 394. *Page 286